IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. CUNNINGHAM, SR._____Plaintiff,_____v.____C/O JOHNSON,_____Defendant. | Case No. 21-cv-00451-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Timothy Cunningham, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## COMPLAINT

Plaintiff makes the following allegations in the Complaint (Doc. 1): On March 31, 2019, Plaintiff was attending his regularly scheduled Accu-check and insulin delivery. Plaintiff is in a wheelchair and has an ADA attendant. While in the waiting room, Plaintiff was ordered by Corrections Officer Johnson to the nursing area for a "shakedown" prior to access to the nursing staff. Johnson searched Plaintiff and his ADA attendant but then told the ADA attendant to go back to the waiting area. Plaintiff stated he needed his attendant, but Johnson replied he would push the wheelchair. After Plaintiff's Accu-check, Johnson "with way too much force, grabbed [the] wheelchair pushing it vigorously and carelessly into the nearby labroom's door jam." (Doc. 1, p. 17).

Plaintiff told Johnson his neck was hurt, but Johnson returned him to the waiting room. While he was in the waiting room, Plaintiff asked Johnson several times to let him see the nurse, but Johnson denied him access to a nurse for the neck injury. Plaintiff told Johnson that he was prohibited from assailing, injuring, and refusing him medical care, particularly since Plaintiff was already suing Johnson for retaliation. Over two years later, Plaintiff still takes medication for his neck.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** First Amendment retaliation claim against Johnson for denying Plaintiff access to medical care on March 31, 2019 in retaliation for Plaintiff filing a lawsuit against Johnson.

**Count 2:** Eighth Amendment excessive force claim against Johnson for pushing Plaintiff into a door jamb injuring his neck on March 31, 2019.

**Count 3:** Eighth Amendment deliberate indifference to serious medical needs claims against Johnson for denying Plaintiff access to medical treatment for a neck injury on March 31, 2019.

**Count 4:** Americans with Disabilities Act / Rehabilitation Act claim against Johnson for denying Plaintiff use of his ADA attendant to push his wheelchair in the nursing area of the healthcare unit on March 31, 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The allegations in the Complaint are sufficient at this stage to proceed on the claims in Counts 1 and 3 against Johnson.

The claim in Count 2, however, will be dismissed for failure to state a claim for relief.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018). Plaintiff's allegation that Johnson used too much force when pushing the wheelchair and "carelessly" pushed it into a door jamb does not rise to the level of a constitutional violation of use of excessive force.

The claim in Count 4 will also be dismissed for failure to state a claim for relief. An ADA/RA claim cannot proceed against an individual defendant because individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Ill. Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). Even if the proper defendant was sued, Plaintiff's allegations do not state a claim under the ADA or RA. Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The RA likewise states:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. Plaintiff's allegation that Johnson did not allow his ADA attendant to push his wheelchair for a brief period of time in the healthcare unit does not amount to a violation of the ADA or RA.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. The claims in **COUNTS 1** and **3** will proceed against Defendant Johnson. The claims in **COUNTS 2** and **4** are **DISMISSED without prejudice** for failure to state a claim.

The Clerk shall prepare for Johnson the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The

Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   May 11, 2022

                                     *s/Stephen P. McGlynn*
                                     **STEPHEN P. MCGLYNN**
                                     **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve her with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.